GRAHAM**HOLLIS** APC
Graham S.P. Hollis (SBN 120577)
ghollis@grahamhollis.com
Vilmarie Cordero (SBN 268860)
vcordero@grahamhollis.com
Hali M. Anderson (SBN 261816)
handerson@grahamhollis.com
Nathan J. Reese (SBN 283150)
nreese@grahamhollis.com
Taylor M. Gee (SBN 349199)
tgee@grahamhollis.com
3555 Fifth Avenue Suite 200
San Diego, California 92103
Telephone: 619.692.0800
Facsimile: 619.692.0822

Attorneys for Plaintiffs GENEVIEVE BASHAM,
JENNIFER RAPER, and Aggrieved Employees

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DISTRICT

| | |
|---|---|
| GENEVIEVE BASHAM and JENNIFER RAPER, individually and on behalf of all current and former similarly situated employees and/or all aggrieved employees of Defendants in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>TAILORED LIVING CHOICES, LLC; and DOES 1 THROUGH 50, inclusive,<br><br>Defendants. | Case No.: 4:23-cv-02678-DMR<br><br>**SECOND AMENDED CLASS ACTION** [Fed. R. Civ. P. 23]; **REPRESENTATIVE ACTION** [Labor Code § 2698, *et seq*]; and **COLLECTIVE ACTION COMPLAINT** [29 U.S.C. § 216(b)]<br><br>1. Failure to Pay Minimum and Regular Wages (California Labor Code §§ 1194, 1194.2, 1197, 1197.1, and 1198);<br><br>2. Failure to Indemnify All Necessary Expenditures (California Labor Code § 2802);<br><br>3. Failure to Maintain Accurate Records (California Labor Code §§ 1174 and 1175.5 and Fair Labor Standards Act 29 U.S.C. § 211(c));<br><br>4. Failure to Provide Accurate Itemized Wage Statements (California Labor Code §§ 226 and 226.3); |

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

Graham**Hollis** APC
355 Fifth Avenue
San Diego, California 92103

5. Failure to Timely Pay All Wages Due and Upon Separation of Employment (California Labor Code §§ 201, 202, and 203);

6. Violation of California's Unfair Competition Law (Business & Professions Code § 17200, *et seq.*);

7. Claims for Civil Penalties Under the Private Attorneys General Act (Labor Code § 2698, *et seq.*);

8. Failure to Pay Minimum Wages in Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.;* and the Fair Labor Standards Act 29 U.S.C. §§ 206, and 216(b); and

9. Failure to Pay All Overtime Wages in Violation of the Fair Labor Standards Act 29 U.S.C. §§§§ 201, *et seq.,* 207, and 216(b).

**– JURY TRIAL DEMANDED –**

Plaintiffs GENEVIEVE BASHAM and JENNIFER RAPER, on behalf of all other similarly situated employees of TAILORED LIVING CHOICES, LLC, and DOES 1 through 50, inclusive, allege as follows:

## I.    INTRODUCTION

1.    Plaintiffs Genevieve Basham and Jennifer Raper (collectively, "Plaintiffs") bring this individual and putative class action against Defendant Tailored Living Choices, LLC, and DOES 1 through 50, inclusive, ("Defendants"), for engaging in a pattern of wage and hour violations under the California Labor Code and the Industrial Welfare Commission ("IWC") Wage Order.

2.    Plaintiffs bring this action on behalf of all current and former non-exempt employees who were employed by Defendants in the State of California during the applicable relevant time period, (hereinafter "similarly situated employees").

3.    Plaintiffs also bring this representative action under the Private Attorneys

2

General Act of 2004, Labor Code section 2698, *et seq.* ("PAGA") on behalf of all current and former non-exempt employees who were employed by Defendants in the State of California during the applicable, relevant time period, (hereinafter "aggrieved employees").

4.    Plaintiffs also bring this action as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. section 201, *et seq.*, for violations of 29 U.S.C. sections 207 and 211(c), and seek unpaid compensation for all hours worked, liquidated damages, and attorneys' fees and costs pursuant to 29 U.S.C. section 216(b).

5.    Plaintiffs are informed and believe, and on that basis allege, that Defendants decreased their employment-related costs by systematically violating California wage and hour laws and engaging in unlawful and unfair business practices.

6.    Defendants' systematic pattern of Labor Code and IWC Wage Order violations toward Plaintiffs and other similarly situated employees in California include, but are not limited to:

 a.    Failure to pay all minimum and regular wages for all hours worked;

 b.    Failure to indemnify all necessary expenditures;

 c.    Failure to maintain accurate records;

 d.    Failure to provide accurate itemized wage statements; and

 e.    Failure to timely pay all wages due and upon separation of employment.

7.    Plaintiffs bring this lawsuit against Defendants seeking restitution, declaratory judgment, injunctive relief, and monetary relief on behalf of themselves and all other similarly situated employees of Defendants in California. Plaintiffs seek to recover, *inter alia*, unpaid wages, unreimbursed expenses, interest, attorney's fees, damages, liquidated damages, penalties, and costs pursuant to Labor Code sections 204, 218.5, 218.6, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 1198, 2802, California Business and Professions Code section 17200, *et seq.*, and the provisions of the applicable IWC Wage Order, as well as civil penalties recoverable under PAGA.

8.    Plaintiffs reserve the right to name additional representatives.

GRAHAM**HOLLIS** APC
355 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

## II.   PARTIES

### A.   Plaintiffs

9.     Plaintiff Genevieve Basham is a non-exempt employee of Defendants, who originally worked as an Instructional Assistant for Defendants from approximately February to August of 2019, when she officially resigned. Plaintiff then returned to her employment with Defendants on April 18, 2021 to June 1, 2022.

10.     Plaintiff Genevieve Basham is a resident of the State of California and currently resides in Solano County.

11.     Plaintiff Jennifer Raper is a non-exempt employee of Defendants, who worked as an Instructional Assistant for Defendants from December 21, 2017, to on or about November 111, 2022.

12.     Plaintiff Jennifer Raper is a resident of the State of California and currently resides in Napa County.

13.     At all relevant times, Plaintiffs and, on information and belief, other similarly situated employees of Defendants in California, were subject to the same policies, practices, and procedures governing their employment and their payment of wages and hours worked.

### B.   Defendants

14.     Defendant Tailored Living Choices, LLC provides customized care and services for individuals with developmental and mental health disabilities.

15.     Defendant is a California limited liability company doing business in California, with its principal place of business in Napa, California.

16.     Defendant's wrongful conduct, as alleged herein, occurred in the County of Napa and in the State of California.

17.     Plaintiffs are informed and believe, and thereon allege, that each Defendant, whether named or fictitious, is and, at all relevant times, was authorized to do business and did business in the State of California and was Plaintiffs' and other similarly situated employees' "employer" as defined in and subject to the California Labor Code and the

GRAHAM**HOLLIS** APC
355 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

4

applicable IWC Wage Order.

18.    Each of the fictitiously named Defendants participated in the acts alleged in this Complaint. The true names and capacities of the Defendants named as DOES 1 through 50, inclusive, are presently unknown to Plaintiffs. Plaintiffs will amend this Complaint, setting forth the true names and capacities of the fictitious Defendants, if and when their true names and capacities are ascertained. Plaintiffs are informed and believe, and on that basis allege, that each of the fictitious Defendants participated in the acts alleged in this Complaint.

19.    Plaintiffs and all other similarly situated employees are, and at all relevant times were, employees of each Defendant, including DOES 1 through 50, within the meanings set forth in the California Labor Code and applicable IWC Wage Order.

20.    Plaintiffs are informed and believe that at all relevant times, each Defendant, whether named or fictitious, was the agent, employee, or other person acting on behalf of every other Defendant, and, in participating in the acts alleged in this Complaint, acted within the scope of such agency or employment and ratified the acts of each other Defendant.

21.    Plaintiffs are informed and believe that at all relevant times, each Defendant, whether named or fictitious, exercised control over Plaintiffs and other similarly situated employees' wages, hours, and/or working conditions.

22.    Plaintiffs are further informed and believe that at all relevant times, each Defendant, whether named or fictitious, acted as the agent for the other Defendants, carried out a joint scheme, business plan, or policy, and the acts of each Defendant are legally attributable to the other Defendants.

23.    Each Defendant, whether named or fictitious, was the alter ego of each of the other Defendants at all relevant times herein and/or was engaged in an integrated enterprise with each of the other Defendants.

24.    A unity of interest and ownership between each Defendant, whether named or fictitious, exists such that all Defendants acted as a single employer of Plaintiffs and all

SECOND AMENDED CLASS ACTION, REPRESENTATIVE ACTION, AND COLLECTIVE ACTION COMPLAINT

GRAHAMHOLLIS APC
355 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

1   other similarly situated employees.

2                    **III.    FLSA COVERAGE**

3          25.    At all material times, Defendants have been an employer within the meaning

4   of the FLSA under 29 U.S.C. section 203(d).

5          26.    At all material times, Defendants have been an enterprise within the meaning

6   of the FLSA under 29 U.S.C. section 203(r).

7          27.    Plaintiffs and putative Class Members were and are employees of Defendants

8   within the meaning of 29 U.S.C. section 203(e).

9          28.    At all material times, Defendants have been an enterprise in commerce or in

10  the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA

11  because Defendants have had and continue to have employees engaged in commerce. 29

12  U.S.C. section 203(s)(1).

13         29.    Here, Defendants have had, and continue to have, an annual gross business

14  volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C.

15  section 203(s)(1)(A)(ii).

16         30.    At all material times, Plaintiffs and Class Members were employees who

17  engaged in commerce or in the production of goods for commerce as required by 29 U.S.C.

18  section 207.

19                 **IV.    JURISDICTION AND VENUE**

20         31.    This Court has subject-matter jurisdiction to hear this case because Plaintiffs

21  are informed and believe that the monetary damages and restitution sought herein for

22  Defendants' conduct exceeds the minimum jurisdictional limits of the Superior Court.

23         32.     Venue is proper in the Northern District Court  pursuant to 28 U.S.C. §

24  1441(a) based on to the Federal Court's original jurisdiction under 28 U.S.C. § 1331, since

25  two of the ten causes of actions asserted in the operative complaint arise under the FLSA,

26  28 U.S.C. § 201, et seq. The court may further exercise supplemental jurisdiction pursuant

27  to 28 U.S.C. 1367(a) and 1441(c).

28  / / /

# V.    <u>GENERAL ALLEGATIONS</u>

33.    Plaintiff Genevieve Basham is a former non-exempt employee of Defendants who has worked as an Instructional Assistant.. Plaintiff originally worked for Defendants from approximately February to August of 2019 and then returned from April 18, 2021 to June 1, 2022.

34.    Plaintiff Jennifer Raper is a former non-exempt employee of Defendants who worked as an Instructional Assistant from December 21, 2017, to November 10, 2022.

35.    As an Instructional Assistant, Plaintiff Genevieve Basham was paid an hourly rate of $14.00 per hour during her overnight shifts and $15.00 per hour during day shifts. During the course of her employment, Plaintiff was given a raise that resulted in an hourly rate of $15.75.

36.    Plaintiff Genevieve Basham typically worked six (6) days per week. Five (5) out of the six (6) days worked were 24-hour shifts.

37.    As an employee of Defendants and working as an Instructional Assistant, Plaintiff Jennifer Raper was paid an hourly rate of $16.45 per hour during day shifts and $15.00 per hour during her overnight shifts.

38.    Plaintiff Jennifer Raper typically worked five (5) to six (6) days per week. Plaintiff's typical shift started at 7:00 a.m. to 3:00 p.m. However, two (2) out of the five (5) or six (6) days Plaintiff worked she would work 24-hour shifts because she would pick up additional shifts from 3:00 p.m. to 10:00 p.m. and then 10:00 p.m. to 7:00 or 8:00 a.m.

39.    Plaintiffs' and, on information and belief, other similarly situated and/or aggrieved employees', primary duties include helping clients get dressed and undressed, as well as tending to clients' bathing, toileting, and oral hygiene, helping clients eat by cutting food into bite-sized pieces and monitoring their meals to mitigate choking risks. More than 80% of Plaintiffs' time at work is spent on the aforementioned duties. Plaintiffs also attends to some laundry and cleaning, but these account for only approximately 5% of their job duties.

40.    Defendants denied Plaintiffs and, on information and belief, other similarly

GRAHAM**HOLLIS** APC
355 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

situated and/or aggrieved employees certain rights afforded to them under the California Labor Code and the IWC Wage Order. Specifically, Defendants did not properly compensate Plaintiffs and other similarly situated employees for all hours worked, failed to pay proper federal overtime wages, failed to indemnify all necessary expenditures, failed to maintain accurate records, failed to provide accurate itemized wage statements, and failed to pay all wages due and owing by the times set forth by law upon separation from employment.

41.    Defendants defined the workweek as a period of 168 consecutive hours starting on Sunday at 6:00 a.m. and ending at 5:59 a.m. Saturday.

42.    Defendants paid similarly situated and/or aggrieved employees biweekly, for the period commencing on Sunday and ending on Saturday.

43.    Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees regularly worked forty (40) hours a workweek, as defined by Defendants.

44.    Defendants failed to properly pay Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees at least minimum wages owed for all time suffered or permitted to work, in violation of the California Labor Code and the FLSA and overtime wages under the FLSA, because Defendants required Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees, to perform work while off-the-clock.

45.    For example, Plaintiff Jennifer Raper and, on information and belief, other similarly situated and/or aggrieved employees had to clock out, drive to another client's house and clock back in. Defendants created the employees' schedules and maintained a practice, procedure and/or policy to ensure that Plaintiff Raper and other similarly situated and/or aggrieved employees were not compensated for all hours worked while driving to different clients' houses within the same workday. For example, from about 2017 to November of 2020, payroll employee, Connie Kirtlink, refused to include Plaintiff Jennifer Raper's travel time in her total hours worked and therefore failed to compensate Plaintiff

GRAHAM**HOLLIS** APC
355 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

8

Jennifer Raper, and upon information and belief, other similarly situated and/or aggrieved employees, all minimum and federal overtime wages owed.

46.     Furthermore, Defendants maintained a practice, procedure, and/or policy that reduced Plaintiff Genevieve Basham's and, on information and belief, other similarly situated and/or aggrieved employees' pay for sleep time hours which resulted in inadequate minimum wages.

47.     Defendants automatically reduced Plaintiff's and other similarly situated and/or aggrieved employees' regular rate of pay by at least $1.00 for eight (8) hours of sleep time for shifts longer than 24-hours without a valid agreement.

48.     Moreover, even if there was a valid agreement, Defendants failed to provide adequate sleeping facilities. For example, Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees worked in homes that operated at full capacity and as a result, had to sleep on the couch.

49.     In addition, Plaintiffs were interrupted during the night on average once a week to assist their patients' needs. Therefore, due to Defendants' policy of illegally reducing sleep time wages, it is Plaintiffs' understanding that in 2019, Defendants paid Plaintiffs and other similarly situated and/or aggrieved employees working in Napa County, California, sleep time wages below the Napa County minimum wage.

50.     Plaintiffs also contend that Defendants' practice, procedure, and/or policy of rounding time punches further reduced similarly situated and/or aggrieved employees' wages below the applicable state and federal minimum wages. Specifically, Defendants maintained a timekeeping system whereby time punches were rounded to the nearest fifteen (15) minute increment. This is further corroborated by Defendants' written policy or directive that states "[if employees] clock in or out 8 minutes over the quarter hour the time will be rounded to the next quarter." As a result, when Plaintiffs and other similarly situated and/or aggrieved employees clocked in for work after the eighth minute, their punches rounded to the next quarter and therefore resulted in under compensation. Moreover, Plaintiffs and other similarly situated and/or aggrieved employees did not

GRAHAM**HOLLIS** APC
355 S FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

receive all federal overtime wages despite working more than forty (40) hours in a workweek, as defined by Defendants. Nevertheless, Defendants maintained a practice of refusing to provide overtime pay to overnight workers in violation of applicable federal law and their own written policies, as Defendants failed to count overnight hours toward total hours worked for purposes of paying overtime.

51.    Further, Defendants failed to count travel time Plaintiffs traveled between patients' homes toward the total hours worked for purposes of paying overtime. Thus, Defendants failed to pay Plaintiffs and other similarly situated and/or aggrieved employees all minimum, regular, and overtime wages, as required by law.

52.    Furthermore, Plaintiffs believe Defendants used and continue to use the exemption under Labor Code section 1451 to create a scheme of failing to pay for all overtime wages. For example, Defendants provide personal attendant services to some, but not all clients, who have allotted IHSS hours. Moreover, IHSS only required that Defendants use the allotted IHSS hours before the end of the workweek. Thus, Defendants had and continue to have complete control over how the IHSS hours are used when creating Plaintiffs' and other similarly situated and/or aggrieved employees' schedule and completing their time records.

53.    Further, Defendants manipulated and, upon information and belief, continue to alter hours worked by the Class Members to appear as though employees are not working any overtime hours. For example, Defendants count as a workweek," for purposes of overtime hours, only the hours the Class Members worked pursuant to IHSS hours and do not include the additional sleep time hours and/or SLS hours worked on that same workday/workweek towards the calculation of overtime. Thus, Defendants failed to pay Plaintiffs and other similarly situated and/or aggrieved employees all overtime wages.

54.    Defendants failed to indemnify Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees for all necessary expenditures or losses incurred in direct consequence of the discharge of his or her duties as required by California law. Defendants required Plaintiffs and other similarly situated and/or aggrieved

Graham**Hollis** APC
3555 Fifth Avenue
San Diego, California 92103

employees to use their personal cell phones to perform work duties. For example, Plaintiffs and other similarly situated employees had to clock in and out on their cell phones, use their cell phones to assist clients, and respond to calls facilitated by Defendants. Defendants never sufficiently compensated Plaintiffs and other similarly situated and/or aggrieved employees for these work expenses. Further, Plaintiffs and other similarly situated and/or aggrieved employees had to use their own cars to transport the patients and travel between different work locations.

55. Defendants failed to maintain a clear and consistent policy for mileage reports, and as a result, Plaintiffs and other similarly situated and/or aggrieved employees did not receive sufficient reimbursement for the mileage as required by California law.

56. As a direct consequence of Defendants' illegal policies, Defendants did not keep accurate records of the actual hours that Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees were under the control of Defendants, as well as all wages earned. On information and belief, Defendants failed to keep accurate records of Plaintiffs and other similarly situated and/or aggrieved employees' hours worked when Defendants failed to record the correct amount of total hours worked during the pay period, among others.

57. Defendants similarly failed to provide Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees with accurate itemized wage statements. For example, during the applicable statutory period, Defendants failed to furnish Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees with itemized wage statements that included the correct total hours worked. Defendants further knowingly and intentionally failed to provide Plaintiffs and, on information and belief, other similarly situated employees with accurate itemized wage statements that reflected the correct overtime rate due to Defendants' failure to count overnight hours toward total hours worked for purposes of paying overtime. Further, the timesheets created by Defendants would cover the span of four (4) weeks. Defendants would issue an earnings statement every fourteen (14) days. The timesheets and earnings

GRAHAMHOLLIS APC
355 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

statements therefore had different pay period start and end dates, making it challenging for Plaintiffs, and on information and belief, other similarly situated and/or aggrieved employees to verify that the hours worked on their earnings statement was correct.

58.    On information and belief, the wage statement omissions and inaccuracies were not a result of an isolated and unintentional payroll error due to an inadvertent mistake, but rather a result of knowing and intentional omissions by Defendants. In addition, and as a result of these omissions and inaccuracies, Plaintiffs and, on information and belief, other similarly situated employees and/or aggrieved employees were not promptly and easily able to determine the correct hours worked and/or determine the accurate wages due and owing without reference to other documents and information.

59.    To this date, Defendants have not paid Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees all wages owed, including all minimum, regular, and overtime wages.

60.    Defendants failed to pay Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees of Defendants all wages due during their employment because Defendants did not pay Plaintiffs and other similarly situated and/or aggrieved employees all minimum, regular, and overtime wages owed.

61.    Based on the foregoing violations of the Labor Code and the applicable IWC Wage Order, Defendants engaged in unfair business practices in California and willingly and knowingly engaged in an employment pattern and practice that violated Business and Professions Code section 17200 *et seq*. Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees suffered damages due to Defendants' unfair, unlawful, and/or fraudulent actions.

## VI.    THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT ("PAGA") REPRESENTATIVE ACTION DESIGNATION

62.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, as though fully set forth herein.

63.    The causes of action alleged herein are appropriately suited for a Labor Code

12

GRAHAMHOLLIS APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

Private Attorneys General Act of 2004 ("PAGA") action because:

64.    This action involves allegations of violations of provisions of the California Labor Code that provide or do not provide for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") or any departments, divisions, commissions, boards, agencies or employees, or for which a penalty is provided for under Labor Code section 2699(f).

65.    Plaintiffs  are "aggrieved employees" because they were employed by the alleged violators and had one or more of the alleged violations committed against them.

66.    Plaintiffs intend to seek PAGA penalties in a representative capacity on behalf of all aggrieved employees of Defendants against whom one or more of the alleged violations was committed and on behalf of the State of California.

67.    On October 12, 2021, Plaintiff Genevieve Basham satisfied the procedural requirements of section 2699.3 by serving the LWDA electronically and Defendant Tailored Living Choices via Certified Mail with her notice for wage and hour violations and penalties, including the facts and theories to support each violation..

68.    On August 25, 2023, Plaintiff Jennifer Raper further satisfied the procedural requirement of section 2699.3 by serving the LWDA electronically and Defendant Tailored Living Choices via Certified Mail with her notice for wage and hour violations and penalties, including the facts and theories to support each violation.

69.    More than 65 days have passed since Plaintiff Genevieve Basham served notice via Certified Mail to the LWDA and her employer.  Therefore, Plaintiff satisfied all the administrative requirements to pursue civil penalties against Defendants pursuant to Labor Code section 2698, *et seq.*

70.    Defendants were Plaintiffs'' employer or person acting on behalf of Plaintiffs'' employer, within the meaning of California Labor Code section 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the IWC and, as such, are subject to civil penalties for each underpaid employee, as set forth in Labor Code

GRAHAM**HOLLIS** APC
355 E FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

section 558, at all relevant times.

71.     Defendants were Plaintiffs' employer or person acting on behalf of Plaintiffs' employer, within the meaning of Labor Code section 558.1, who violated or caused to be violated at least one of the provisions regulating minimum wages or hours and days of work in an order of the IWC, or who violated or caused to be violated at least one of sections 204, 223, 225.5, 226, 226.3, 510, 558, 558.1 1174, 1174.5, 1194, 1194.2, 1197.1, 1198, 1451, 1452, or 2802 of the Labor Code and, as such, are subject to civil penalties for each aggrieved employee, as set forth in section 2698, *et seq*, at all relevant times.

72.     Defendants were Plaintiffs'' employer or person acting on behalf of Plaintiffs' employer either individually or as an officer, agent, or employee of another person, within the meaning of California Labor Code section 1197.1, who paid or caused to be paid to any employee a wage less than the minimum fixed by California state law, and as such, are subject to civil penalties for each underpaid employee, as well as liquidated damages pursuant to Labor Code section 1194.2, and any applicable penalties imposed pursuant to Labor Code section 204.

73.     Plaintiffs seek to recover all applicable civil penalties under PAGA on behalf of themselves and all other aggrieved employees of Defendants in California.

## VII.   CLASS ACTION DESIGNATION

74.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, as though fully set forth herein.

75.     Plaintiffs bring Causes of Action One through Six as a Class Action pursuant to Federal Rules of Civil Procedure, Rule 23, on behalf of themselves and all current and former non-exempt employees of Defendants, who were affected by Defendants' Labor Code, Business and Professions Code, and IWC Wage Order violations, as alleged herein.

76.     Plaintiffs seek to represent the following Class, which is defined as:

**The Non-Exempt Class**:

"All current and former non-exempt employees who worked for

Defendants in the State of California as Instructional Assistants

GRAHAM**HOLLIS** APC
355 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

14

1    at any time from June 29, 2017 through the present."

2    77.    **Reservation of Rights**: Plaintiffs reserve the right to amend or modify the

3    class definitions with greater specificity, by further division into subclasses, and/or

4    limitation to particular issues.

5    78.    Causes of Action One through Six are appropriately suited for a class action

6    pursuant to rule 23 of the Federal Rules of Civil Procedure because the following

7    requirements are met:

8    **A.    <u>Numerosity</u>**

9    79.    The members of the Class are sufficiently numerous to render the joinder of

10    all their members impracticable. While Plaintiffs have not yet determined the precise

11    number of members of the Class, Plaintiffs are informed and believe that the Class likely

12    consists of over 300 individuals. Although the exact number is currently unknown to

13    Plaintiffs, this information is easily ascertainable from Defendants' time and payroll

14    records and other personnel records.

15    **B.    <u>Commonality and Predominance</u>**

16    80.    Common questions of law and fact exist as to all Class Members and

17    predominate over any questions affecting only individual members of the Class. Since

18    Plaintiffs narrowly tailored the putative class to Instructional Assistants, Class Members

19    are uniformly subjected to Defendants' sleep time, travel time, rounding time, and

20    IHSS/SLS timekeeping policies. In turn the putative class is subject to common questions

21    of law and facts that predominate include, but are not limited to:

22    a.    Whether Defendants failed to pay Class Members at least minimum

23    wages and/or all regular wages owed for all hours or fractions of an

24    hour worked and under the control of Defendants;

25    b.    Whether Defendants failed to properly and accurately record and

26    maintain records of all hours worked and wages earned by Class

27    Members;

28    c.    Whether Defendants failed to provide Class Members reimbursement

GRAHAM**HOLLIS** APC
355 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

15

for all necessary expenditures;

d.    Whether Defendants failed to provide Class Members with accurate itemized wage statements showing, among other things, the total regular and overtime hours worked during the pay period, and the correct overtime rate due to Defendants' failure to count overnight hours toward total hours worked for purposes of paying overtime; and

e.    Whether Defendants' policies and practices are unlawful, unfair and/or fraudulent business practices in violation of California Business and Professions Code section 17200, *et seq.*

## C.    <u>Typicality</u>

81.    Plaintiffs' claims are typical of the claims of all Class Members because Plaintiffs' and all Class Members' claims arise from the same event, practice, and/or course of conduct of Defendants. Specifically, Plaintiffs bring forth this claim on behalf of Instructional Assistants who in turn were subjected to the uniform sleep time, travel time, rounding time, and IHSS/SLS timekeeping policies. Consequently, Plaintiffs and all Class Members sustained injuries and damages as a result of Defendants' illegal policies, practices and/or common course of conduct in violation of California wage and hour laws and/or illegal, unfair, or fraudulent business practices.

82.    Furthermore, Plaintiffs' claims under the Labor Code and the applicable IWC Wage Order are typical of the Class because Defendants' failure to comply with the provisions of California's wage and hour laws entitle Plaintiffs and each Class Member to similar pay, benefits, and other relief. Accordingly, the legal theories underlying each cause of action are the same and the remedies sought by Plaintiffs and all Class Members are the same.

## D.    <u>Adequacy of Representation</u>

83.    Plaintiffs have no fundamental conflict of interest with the Classes or Subclass they seek to represent. Plaintiffs will adequately protect the interests of all Class Members because it is in Plaintiffs' best interest to prosecute the claims alleged herein to obtain full

GRAHAM**HOLLIS** APC
355 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

16

SECOND AMENDED CLASS ACTION, REPRESENTATIVE ACTION, AND COLLECTIVE ACTION COMPLAINT

compensation and penalties due to them and putative Class Members.

84.    Plaintiffs retained attorneys who are experienced employment law litigators with significant wage and hour and class action experience.

### E.    Superiority of Class Action

85.    Plaintiffs believe a class action is a superior method of litigation for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable. Class action treatment will allow similarly situated employees to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

86.    Plaintiffs know of no difficulty that might be encountered in the management of this suit, which would preclude maintenance as a class action.

## VIII.  FLSA COLLECTIVE ACTION DESIGNATION

87.    Plaintiffs re-allege and incorporate by reference all the allegations contained in the paragraphs above, as though fully set forth herein.

88.    Plaintiffs bring Causes of Action Nine and Ten, FLSA minimum wage and overtime claims, pursuant to 29 U.S.C. section 216(b) on behalf of themselves and a proposed collection of similarly situated employees.

89.    Plaintiffs seek to represent the following class, which is defined as:

### FLSA Collective:

"All current and former non-exempt employees who worked for Defendants in the State of California in the position of Instructional Assistant at any time from June 29, 2017 through the present."

90.    Plaintiffs also seek to represent the following subclasses, which are defined as:

### The Minimum Wage Subclass

"All members of the FLSA Collective who were not paid at least minimum wage for all hours worked or time spent under the

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

17

GRAHAM**HOLLIS** APC
355 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

control of Defendants, individually and/or collectively, at any time from June 29, 2017, to the present."

**The Overtime Subclass**

"All members of the FLSA Collective who were not paid overtime pay at a rate of not less than one and one-half times their regular rates of pay after forty hours in a workweek at any time from June 29, 2017, to the present."

91. Plaintiffs are similarly situated to FLSA Collective members. Like Plaintiffs, Defendants subjected FLSA Collective members to a common practice, policy, and/or plan of refusing to pay for all work performed in clear violation of the FLSA.

92. Other Instructional Assistants similarly situated to Plaintiffs work or have worked for Defendants but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty (40) per workweek, including, but not limited to, sleep time hours not counted toward overtime hours and all hours worked not counted towards overtime hours. Other Instructional Assistants similarly situated to Plaintiffs also performed compensable work while "off-the-clock," and were not paid overtime at the rate of one and one-half times their regular hourly rate for those "off-the-clock" hours.

93. Although Defendants permitted and/or required FLSA Collective members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40) per workweek, including sleep time hours not being counted towards overtime accrual and the other "off-the-clock" work described above.

94. FLSA Collective members regularly work or have worked in excess of forty (40) hours during a workweek.

95. FLSA Collective members are not exempt from receiving overtime compensation under the FLSA.

96. As part of their regular business practice, Defendants have intentionally,

18

willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and FLSA Collective members. This policy and pattern or practice includes, but is not limited to:

    a.    Willfully failing to pay Plaintiffs and the FLSA Collective the minimum wage for all hours worked;

    b.    Willfully failing to pay Plaintiffs and the FLSA Collective overtime hours for hours that they worked in excess of forty (40) hours per workweek; and

    c.    Willfully failing to record all the time that Plaintiffs and the FLSA Collective have worked for the benefit of Defendants.

97.    Defendants are aware or should have been aware that federal and state law required them to pay Plaintiffs and the FLSA Collective the minimum wage for all hours worked, and to pay overtime premium for hours worked in excess of forty (40) per workweek.

# IX.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## FAILURE TO PAY MINIMUM AND REGULAR WAGES

(Violation of Labor Code §§ 1194, 1197, 1198, and the "Minimum Wages" section of the Applicable IWC Wage Order)

(Alleged By Plaintiffs Individually and On Behalf of the Non-Exempt Class Against Defendants)

98.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, as though fully set forth herein.

99.    Labor Code section 1197 provides, "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum wage so fixed is unlawful."

100.   The "Minimum Wages" section of the applicable IWC Wage Order provides that an employer may not pay employees less than the applicable minimum for all hours

Graham**Hollis** APC
355 Fifth Avenue
San Diego, California 92103

worked.

101.   The applicable IWC Wage Order defines the term "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

102.   Furthermore, pursuant to Labor Code section 1198, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

103.   Defendants failed to pay Plaintiffs and, on information and belief, Non-Exempt Class Members at least minimum wages for all the time spent working and under the control of Defendants. For example, Plaintiffs and, on information and belief, other Class Members were not paid for the time they spent traveling from one patient's home to another.

104.   Labor Code section 1194 provides, in part, that any employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit.

105.   Labor Code section 1194.2 allows an employee to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon for any action under Labor Code section 1194.

106.   Accordingly, Plaintiffs contend that Defendants' sleep time, travel time, and rounding time policies failed to adequately compensate Plaintiffs and the Non-Exempt Class for all hours worked. Consequently, this reduced the hourly rate of pay below the complaint minimum wage.

107.   Plaintiffs and the Non-Exempt Class suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a direct result of Defendants' unlawful acts and Labor Code violations in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

GrahamHollis APC
355 Fifth Avenue
San Diego, California 92103

108.    Plaintiffs seek all available remedies for Defendants' violations including, but not limited to, any and all wages due, monies, interest, liquidated damages, attorney's fees, and costs to the extent permitted by law.

WHEREFORE, Plaintiffs pray for relief as hereinafter requested.

## SECOND CAUSE OF ACTION

### FAILURE TO INDEMNIFY ALL NECESSARY EXPENDITURES

(Violation of Labor Code § 2802)

(Alleged By Plaintiffs Individually and On Behalf of the Non-Exempt Class Against Defendants)

109.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, as though fully set forth herein.

110.    Labor Code section 2802 requires an employer to indemnify its employees for all necessary expenditures or losses incurred by an employee in direct consequence of the discharge of his or her duties of employment.

111.    Labor Code section 2802(b) states, "[a]ll awards made by a court … for reimbursement of necessary expenditures" shall carry interest, at the same rate as judgments in civil actions, and said interest will accrue from the date on which the employee incurred the necessary expenditure including, but not limited to, reasonable costs and attorney's fees incurred by the employee in enforcing their rights granted pursuant to Labor Code section 2802. The exact amount of the necessary expenditures or losses is in an amount to be proven at time of trial.

112.    Furthermore, Labor Code section 2802(c) states, "[f]or purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

113.    Defendants failed to fully reimburse Plaintiffs and, on information and belief, Non-Exempt Class Members for all necessary expenses that were incurred in the discharge of their job duties. For example, Defendants required Plaintiffs, and on information and

GRAHAM**HOLLIS** APC
355 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

belief, Non-Exempt Class Members to use their personal cell phones to perform work duties. They did not receive adequate reimbursement for any of these business expenses, as required by California law. Further, Plaintiffs and, upon information and belief, Non-Exempt Class Members had to use their own cars to transport patients and travel to multiple work locations within the same workday. Defendants. failed to maintain a clear and consistent policy for mileage reports, and as a result, Plaintiffs and, on information and belief, Non-Exempt Class Members, were not adequately reimbursed for all travel expenses incurred in the course of carrying out their job duties.

114.    Plaintiffs and the Non-Exempt Class suffered and continue to suffer losses related to the use and enjoyment of monies due and owing to them as a direct result of Defendants' unlawful acts and Labor Code violations in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

115.    Plaintiffs seek all available remedies for Defendants' violations including, but not limited to restitution, monies, interest, attorney's fees, and costs to the extent permitted by law.

WHEREFORE, Plaintiffs pray for relief as hereinafter requested.

## **THIRD CAUSE OF ACTION**

### **FAILURE TO MAINTAIN ACCURATE RECORDS**

(Violation of Labor Code §§ 1174 and 1174.5)

(Alleged By Plaintiffs Individually and On Behalf of the Non-Exempt Class Against Defendants)

116.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, as though fully set forth herein.

117.    California Labor Code section1174 requires Defendants to maintain payroll records showing, among other things, the actual hours worked daily by its employees, wages paid to their employees, the number of piece-rate units earned by its employees, and any applicable piece rate paid to its employees.

118.    California Labor Code section 1174.5 provides that employers who willfully

SECOND AMENDED CLASS ACTION, REPRESENTATIVE ACTION, AND COLLECTIVE ACTION COMPLAINT

GRAHAM**HOLLIS** APC
355 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

1  fail to maintain accurate payroll records shall be subject to civil penalties.

2      119.   Defendants have knowingly, intentionally, and willfully failed to maintain

3  payroll records showing the actual hours worked by, and accurate hourly rate paid to

4  Plaintiffs and Non-Exempt Class Members as required by California Labor Code section

5  1174 and in violation of section 1174.5. As a direct result of Defendants' failure to maintain

6  payroll records, Plaintiffs and Non-Exempt Class Members have suffered actual economic

7  harm as they have been precluded from accurately monitoring the number of hours they

8  work, and thus seeking all wages owed in the form of overtime and double time

9  compensation. As a direct and proximate result of the unlawful acts and/or omissions of

10  Defendants, Plaintiffs and the Non-Exempt Class Members are entitled to recover damages

11  and civil penalties in an amount to be determined at trial, plus interest, attorneys' fees, and

12  costs of suit.

13      120.   Pursuant to Labor Code section 218.6 and/or Civil Code section 3287(a),

14  Plaintiffs and other Non-Exempt Class Members are entitled to recover pre-judgment

15  interest on wages earned, but not paid every pay period.

16      121.   Plaintiffs, on behalf of themselves and all others similarly situated, seek all

17  unpaid compensation, damages, penalties, interest and attorneys' fees and costs,

18  recoverable under applicable law set forth below.

19      WHEREFORE, Plaintiffs pray for relief as hereinafter requested.

20  **FOURTH CAUSE OF ACTION**

21  **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

22  (Violation of Labor Code §§ 226 and 1198)

23  (Alleged By Plaintiffs Individually and On Behalf of the Non-Exempt Class Against

24  Defendants)

25      122.   Plaintiffs re-allege and incorporate by reference the allegations contained in

26  the paragraphs above, as though fully set forth herein.

27      123.   Labor Code section 226(a) requires that employers, including Defendants,

28  furnish their employees with each wage payment an accurate and itemized writing that

GRAHAM**HOLLIS** APC
355 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

GRAHAM**HOLLIS** APC
355 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

shows gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the portion of his or his social security number, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

124.    Labor Code section 226(e), in part, permits employees suffering injury to collect the greater of all actual damages or the amount specified in Labor Code section 226 per violation.

125.    Labor Code section 226(e)(2)(B) states, in pertinent part, "an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)."

126.    Labor Code section 226(h) states, "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

127.    Defendants knowingly and intentionally failed to provide Plaintiffs and Non-Exempt Class Members with an accurate itemized wage statement with each wage payment as required by Labor Code section 226(a). Defendants knowingly and intentionally failed to provide Plaintiffs and members of the Non-Exempt Class with each wage payment an accurate wage statement showing, among other things, the correct total regular hours worked. Defendants further knowingly and intentionally failed to provide Plaintiffs and members of the Non-Exempt Class with wage statements that reflected the correct overtime rate due to Defendants' failure to count overnight hours toward total hours worked for purposes of paying overtime. In addition, the pay period start and end dates are different

on Defendants' timesheets and earnings statements, making it challenging for an employee to determine whether the total hours worked on the earnings statement is correct.

128.    Defendants' failure to provide accurate wage statements deprived Plaintiffs and members of the Non-Exempt Class of the ability to promptly and easily understand and question the calculation and rate of pay and hours used to calculate the wages paid by Defendants. Plaintiffs and members of the Non-Exempt Class, therefore, had no way to dispute any error in the payment or calculation of their wages, all of which resulted in an unjustified economic enrichment to Defendants, and Plaintiffs and members of the Non-Exempt Class suffered actual damages as a result.

129.    Defendants' failure to provide accurate itemized wage statements constitutes an injury as defined under Labor Code section 226(e)(2)(B). Therefore, Plaintiffs and members of the Non-Exempt Class have suffered an injury for purposes of Labor Code section 226 and are entitled to recover the greater of all actual damages or the amount specified in section 226 per violation.

130.    Plaintiffs and Non-Exempt Class Members suffered and continue to suffer injuries, losses and actual damages as a direct result of Defendants' Labor Code violations, including lost interest on such wages and expenses, and attorney's fees in seeking to compel Defendants to fully perform their obligations, in an amount to be shown according to proof at trial.

131.    Plaintiffs seek to recover all available remedies including, but not limited to, damages, penalties, attorney's fees, costs, and injunctive relief to the fullest extent permitted by law. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, as though fully set forth herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter requested.

/ / /

/ / /

/ / /

/ / /

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

Graham**Hollis** APC
3555 Fifth Avenue
San Diego, California 92103

**FIFTH CAUSE OF ACTION**

**FAILURE TO TIMELY PAY ALL WAGES DUE AND UPON SEPARATION OF EMPLOYMENT**

(Violation of Labor Code §§ 201, 202, and 203)

(Alleged By Plaintiffs Individually and on Behalf of the Non-Exempt Class Against Defendants)

132.  Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, as though fully set forth herein.

133.  Labor Code section 201(a) provides, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

134.  Labor Code section 202 provides, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hour previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting."

135.  Labor Code section 203(a) states, in relevant part, "[i]f an employer willfully fails to pay without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

136.  Defendants failed to timely pay all wages due and owing upon separation of employment when they failed to accurately track and compensate overtime pay; illegally

reduced sleep time pay; failed to compensate off-the-clock work; illegally rounded time punches; and incorrectly compensated employees for the IHSS-OVT.

WHEREFORE, Plaintiffs pray for relief as hereinafter requested.

### SIXTH CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*

(Alleged By Plaintiffs Individually and on Behalf of the Non-Exempt Class Against Defendants)

137. California Business and Professions Code section 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice..."

138. Defendants' Labor Code and IWC Wage Order violations alleged herein constitute "unlawful, unfair or fraudulent business act or practices," which are prohibited by Business and Professions Code sections 17200-17208 and include, but are not limited to: (i) failure to pay Plaintiffs and the Non-Exempt Class all regular, minimum, and overtime wages for all hours suffered or permitted to work and under the control of Defendants; (ii) failure to provide reimbursement to Plaintiffs and the Non-Exempt Class for necessary expenditures; (iii) failure to maintain accurate records of the hours that Plaintiffs and the Non-Exempt Class worked while employed by Defendants; and (iv) failure to provide Plaintiffs and the Non-Exempt Class with accurate itemized wage statements.

139. Defendants intentionally avoided paying Plaintiffs and the Non-Exempt Class all wages and/or monies, and other financial obligations attached thereto, to create for Defendants an artificially lower cost of doing business, and thus, undercut its competitors.

140. Defendants lowered their costs of doing business by paying Plaintiffs and the Non-Exempt Class an amount less than what is required by the California Labor Code and the applicable Wage Order of the Industrial Welfare Commission, thereby unfairly forcing Plaintiffs and other similarly situated employees to perform work without fair compensation and benefits.

GRAHAM**HOLLIS** APC
3355 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

SECOND AMENDED CLASS ACTION, REPRESENTATIVE ACTION, AND COLLECTIVE ACTION COMPLAINT

GRAHAM**HOLLIS** APC
355 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

141.    Defendants held themselves out to Plaintiffs and the Non-Exempt Class as being knowledgeable about, and adhering to, the employment laws of California at all times relevant herein. Plaintiffs and the Non-Exempt Class relied on and believed in Defendants' representation concerning Defendants' adherence to the California laws, all to their detriment.

142.    Defendants' scheme to lower their payroll and operation costs, and thus profit, by withholding money owed to the Non-Exempt Class and withholding wages, compensation and benefits, which are all the property of Plaintiffs and the Non-Exempt Class, in violation of the California Labor Code and the IWC Wage Orders, as alleged herein, constitutes an "unlawful, unfair or fraudulent business act or practice," under California Business and Professions Code section 17200, *et seq*.  As a result of Defendants' unfair competition, Plaintiffs and the Non-Exempt Class suffered injury in fact by losing money and/or property.

143.    Business and Professions Code section 17204, states, in relevant part, "[a]ctions for relief pursuant to this chapter shall be prosecuted . . . by . . . a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."

144.    Defendants acquired money and property owed to Plaintiffs and the Non-Exempt Class by means of an unlawful practice that constitutes unfair competition as defined by Business and Professions Code section 17200, *et seq*.

145.    Plaintiffs and the Non-Exempt Class are persons in interest under Business and Professions Code section 17203 to whom money and property should be restored. Business and Professions Code section 17203 states, in relevant part, that "any person may pursue representative claims or relief on behalf of others only if the Plaintiffs meet the standing requirements of Section 17204."

146.    Plaintiffs are persons who suffered injury in fact and lost money, wages, compensation, and benefits, as a result of Defendants' unfair competition. Thus, pursuant to Business and Professions Code sections 17203 and 17204, Plaintiffs may pursue

representative claims and relief on behalf of themselves and the putative class.

147.    Pursuant to Business and Professions Code section 17203, "[t]he court may make such orders or judgments, as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

148.    Defendants reaped unfair benefits and illegal profits at the expense of Plaintiffs and the Non-Exempt Class by committing the unlawful acts alleged herein. Thus, Defendants must make restitution and/or be subject to other equitable relief pursuant to Business and Professions Code section 17203 and restore all unpaid wages to Plaintiffs and the Non-Exempt Class.

149.    Plaintiffs and the Non-Exempt Class suffered and continue to suffer loss of wages and monies, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

150.    Plaintiffs seek all available remedies on behalf of themselves  and on behalf of the Non-Exempt Class, including, but not limited to, restitution of all wages and all monies owed, all in an amount to be shown according to proof at trial. All such remedies are cumulative of relief available under other laws, pursuant to Business and Professions Code section 17205.

WHEREFORE, Plaintiffs pray for relief as hereinafter requested.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT OF 2004, LABOR CODE § 2698, *ET SEQ.*

(Alleged By Plaintiffs on Behalf of the State of California and All Aggrieved Employees Against Defendants)

151.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, as though fully set forth herein.

152.    Pursuant to Labor Code section 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

GRAHAM**HOLLIS** APC
355 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code section 2699.3.

153.    This cause of action involves allegations of violations of Labor Code sections 201, 202, 203, 204, 210, 223, 225.5, 226, 226.3, 226.7, 510, 558, 558.1 1174, 1174.5, 1194, 1194.2, 1197.1, 1198, 1451, 1452, and 2802 which, pursuant to Labor Code section 2699.5, provides for a civil penalty to be assessed and collected by the LWDA or recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code section 2699.3.

154.    Defendants employed Plaintiffs during the applicable statutory time period and Plaintiffs had one or more of the alleged violations committed against them. Therefore, Plaintiffs are "aggrieved employees" under PAGA. As aggrieved employees, Plaintiffs are properly suited to represent the interests of other current and former aggrieved employees in a PAGA representative action.

155.    Plaintiffs exhausted their obligation to provide administrative notice and now seek penalties on behalf of themselves and other current and former California employees of Defendants.

156.    Pursuant to Labor Code section 2699(a), Plaintiffs seek civil penalties, on behalf of themselves and all other current and former non-exempt employees of Defendants in California (collectively "aggrieved employees"), including, but not limited to, Defendants' violations of Labor Code sections 204, 223, 225.5, 226, 226.3, 510, 558, 558.1 1174, 1174.5, 1194, 1194.2, 1197.1, 1198, 1451, 1452, and 2802.

157.    For all provisions of the Labor Code for which a civil penalty is not specifically provided, Labor Code section 2699(f) imposes upon Defendants a penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for

SECOND AMENDED CLASS ACTION, REPRESENTATIVE ACTION, AND COLLECTIVE
ACTION COMPLAINT

each subsequent violation.

158.    Defendants violated Labor Code sections 1194, 1197, and 1198 by not paying Plaintiffs and, on information and belief, other aggrieved employees at least minimum and regular wages for all the time they were suffered or permitted to work, engaged in work and/or under Defendants' control, as alleged herein. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation of sections 223, 1194, and 1198, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

159.    Defendants violated Labor Code sections 204 and 1198 by not paying Plaintiffs and, on information and belief, aggrieved employees all minimum and regular wages owed by the time set forth by law, as alleged herein. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation of Labor Code sections 204 and 1198, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

160.    Defendants violated Labor Code section 204 by not paying Plaintiffs and, on information and belief, aggrieved employees all minimum and regular, and wages owed, as alleged herein. Thus, under Labor Code section 210(a), Defendants, in addition to, and entirely independent from any other penalty, is subject to a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation of section 204, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus 25 percent of the amount unlawfully withheld. This amount shall be recovered on behalf of the Labor Commissioner.

161.    Defendants violated Labor Code section 226(a) by failing to furnish employees, with each wage payment, an accurate and itemized wage statement that shows gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the

GRAHAM**HOLLIS** APC
355 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

31

portion of his or her social security number, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Thus under Labor Code section 226(e), Defendants are subject to a civil penalty of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation of Labor Code section 226(a), and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation.

162.   Defendants are and were Plaintiffs' and aggrieved employees' employer or other person acting either individually or as an officer, agent, or employee of another person(s), who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the Commission, and, as such, is subject to civil penalties for each underpaid employee pursuant to Labor Code section 1197.1.

163.   Section 1197.1 imposes upon Defendants for each initial violation of Labor Code section 1197 by paying or causing an employee to be paid less than the minimum wage, a civil penalty of one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. Furthermore, section 1197.1 imposes upon Defendants for each subsequent violation a civil penalty of two hundred and fifty dollars ($250) for each underpaid employee for each pay period for which the employee was underpaid.

164.   Defendants are and were Plaintiffs' and other aggrieved employees' employer, or person acting on their behalf, within the meaning of Labor Code section 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code, or any provision regulating hours and days of work in any IWC Wage Order and, as such, is subject to civil penalties for each underpaid employee as set forth in section 558.

165.   Pursuant to Labor Code section 558.1, Defendants are an employer or other person acting on behalf of an employer, who violate, or causes to be violated, any provision regulating the "Hours and Days of Work" and the "Minimum Wages" sections of the Applicable Wage Order, or who violate, or causes to be violated, sections 203, 226, 1193.6,

GRAHAM**HOLLIS** APC
355 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

or 1194 of the Labor Code, and are subject to a civil penalty for each initial and/or subsequent violation.  Defendants committed such violations when they failed to pay all minimum, regular, and overtime wages, to provide accurate itemized wage statements, and to timely pay all wages due, as alleged herein.

166.   Defendants violated Labor Code section 1198 when they failed to comply with the maximum hours of work and the standard conditions of labor fixed by the IWC under the "Hours and Days of Work," the "Minimum Wages," by failing to pay all minimum wages, and failing to keep and provide accurate records, as alleged herein. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation of Labor Code section 1198 and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation of Labor Code section 1198.

167.   Pursuant to Labor Code section 2699, for bringing this action, Plaintiffs are additionally entitled to attorney's fees and costs incurred herein.

168.   Plaintiffs seek to recover civil penalties, but only those civil penalties that are required to be shared with the LWDA and no individual relief or underpaid wages, on behalf of themselves and other aggrieved employees for Defendants' violations of the Labor Code, including, but not limited to, Defendants' violations of Labor Code sections 204, 223, 225.5, 226, 226.3, 510, 558, 558.1, 1174, 1174.5, 1194, 1194.2, 1197.1, 1198, 1451, 1452, and 2802, pursuant to Labor Code sections 2698–99.5. The exact amount of the applicable penalties is in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

WHEREFORE, Plaintiffs pray for relief as hereinafter requested.

/ / /

/ / /

/ / /

/ / /

/ / /

SECOND AMENDED CLASS ACTION, REPRESENTATIVE ACTION, AND COLLECTIVE ACTION COMPLAINT

GRAHAM**HOLLIS** APC
355 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

## **EIGHTH CAUSE OF ACTION**

### **VIOLATION OF THE FAIR LABOR STANDARDS ACT**

### **FAILURE TO PAY MINIMUM WAGES**

(Violation of 29 U.S.C. § 201, *et seq.*)

(Alleged By Plaintiffs on Behalf of the FLSA Collective Against Defendants)

169.   Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, as though fully set forth herein.

170.   Defendants failed to pay Plaintiffs and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

171.   The FLSA establishes the right of employees to be paid minimum wages for all time worked. 29 U.S.C. section 206.

172.   Employees are permitted to recover all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs when employers violate the FLSA. 29 U.S.C. section 216.

173.   As discussed herein, Plaintiffs and the FLSA Collective members were and are non-exempt employees of Defendants within the meaning of the FLSA.

174.   As discussed herein, throughout the relevant time period, Defendants had a common practice, procedure, and/or policy of failing to pay Plaintiffs and the FLSA Collective compensation for off-the-clock work due to their non-compliant sleep time, travel time, and rounding time policies which resulted in inadequate minimum wages.

175.   As a result of Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. section 216(b).

176.   Defendants' unlawful conduct, as described in this Complaint, has been intentional and willful. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort

34

to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective. As a result of Defendants' violations of the FLSA being willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. section 255.

WHEREFORE, Plaintiffs pray for relief as hereinafter requested.

## NINTH CAUSE OF ACTION

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME COMPENSATION

(Violation of 29 U.S.C. §§ 207, 211, and 216(b))

(Alleged by Plaintiffs on Behalf of the FLSA Collective Against Defendants)

177.   Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, as though fully set forth herein.

178.   Plaintiffs and the FLSA Collective are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. section 216(b).

179.   The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of 40 hours in a workweek.

180.   Throughout the relevant time period, Defendants failed to count sleeping time hours towards overtime accrual. Plaintiffs and FLSA Collective members also performed work off-the-clock for which they were not compensated, even though Defendants knew or should have known that such work was being performed.

181.   Furthermore, Defendants manipulate the hours worked by Plaintiffs and the FLSA Collective to make it appear as though they had not accrued any overtime hours.

182.   Plaintiffs and the FLSA Collective have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendants derived a direct and substantial benefit.

183.   Defendants' unlawful conduct, as described in this Second Amended Complaint, has been intentional and willful. Defendants were aware or should have been

GRAHAM**HOLLIS** APC
355 S FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

aware that the practices described in this Second Amended Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective. As a result of Defendants' violations of the FLSA having been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. section 255.

WHEREFORE, Plaintiffs pray for relief as hereinafter requested.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

    a.    For general damages;

    b.    For special damages;

    c.    For an award of liquidated damages to the extent permissible by Labor Code section 1194.2;

    d.    For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including pursuant to Federal Rules of Civil Procedure, Rule 23(H), Labor Code sections 218.5, 218.6, 226, and 1194;

    e.    For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and the Orders of the Industrial Welfare Commission;

    f.    For restitution as provided by Business and Professions Code section 17200, *et seq.*;

    g.    For an order requiring Defendants to restore and disgorge all funds to each affected person acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code section 17200, *et seq.*;

    h.    For an award of damages in the amount of unpaid compensation and monies including, but not limited to, actual damages, unpaid wages,

Graham**Hollis** APC
3555 Fifth Avenue,
San Diego, California 92103

minimum wages, regular wages, overtime wages, waiting time penalties and other penalties according to proof, including interest thereon, to the extent permissible by law;

i.  For injunctive relief as provided by the Labor Code including, but not limited to, Labor Code section 226(h), and Business and Professions Code section 17200, *et seq.*

j.  For indemnification of all losses incurred as a result of employment with Defendants, with interest;

k.  For pre- and post-judgement interest to the extent permitted by law including, but not limited to, Labor Code sections 218.6 and 1194;

l.  For an order imposing a constructive trust upon Defendants to compel them to transfer wages that have been wrongfully obtained and held by Defendants to unpaid employees;

m.  For an accounting to determine all money wrongfully obtained and held by Defendants;

n.  For civil penalties under PAGA for violations of Labor Code sections 204, 223, 225.5, 226, 226.3, 510, 558, 558.1, 1174, 1174.5, 1194, 1194.2, 1197.1, 1198, 1451, 1452, and 2802;

o.  For a declaratory judgment that Defendants violated Labor Code sections, 204, 223, 225.5, 226, 226.3, 510, 558, 558.1, 1174, 1174.5, 1194, 1194.2, 1197.1, 1198, 1451, 1452, and 2802,  as well as the "Hours and Days of Work," "Minimum Wages," and "Records" sections of the Wage Order of the Industrial Welfare Commission; and

p.  An award of such other and further relief as this Court deems proper and just.

/ / /

/ / /

/ / /

GRAHAM**HOLLIS** APC
355 FIFTH AVENUE
SAN DIEGO, CALIFORNIA 92103

SECOND AMENDED CLASS ACTION, REPRESENTATIVE ACTION, AND COLLECTIVE ACTION COMPLAINT

## **JURY TRIAL DEMAND**

Plaintiffs hereby demand a trial by jury on all Causes of Action to the extent authorized by law.

Dated: September 26, 2023                    GRAHAMHOLLIS APC

By:   _/s/ Taylor M. Gee_
GRAHAM S.P. HOLLIS
VILMARIE CORDERO
HALI M. ANDERSON
NATHAN J. REESE
TAYLOR M. GEE
Attorneys for Plaintiffs GENVIEVE BASHAM, JENNIFER RAPER, and Aggrieved Employees

SECOND AMENDED CLASS ACTION, REPRESENTATIVE ACTION, AND COLLECTIVE ACTION COMPLAINT