ARCH LEGAL, P.C.
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| GENEVIEVE BASHAM, JENNIFER RAPER and GEORGE PEPPER, individually and on behalf of all current and former similarly situated employees and/or all aggrieved employees of Defendants in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>TAILORED LIVING CHOICES, LLC, and DOES 1 THROUGH 50, inclusive,<br><br>Defendants. | Case No.: 4:23-cv-02678-DMR<br><br>**CLASS & REPRESENTATIVE ACTION**<br><br>**AMENDED [PROPOSED] ORDER AND JUDGMENT ON FINAL APPROVAL**<br><br>Date:  October 23, 2025<br>Time:  1:00 p.m.<br>Judge:  Hon. Donna M. Ryu<br>Crtrm:  4, 3rd Floor<br><br>Complaint Filed: December 29, 2021<br>Removal Date: May 30, 2023<br>Trial Date: May 5, 2025 |

4:23-cv-02678-DMR
AMENDED [PROPOSED] ORDER AND JUDGMENT ON FINAL APPROVAL

This action came before the Court on October 23, 2025 for a hearing on Plaintiffs' Motion for Final Approval of Class and Collective Action Settlement and Plaintiffs' Motion for an Award of Attorneys' Fees and Costs. After reviewing the moving papers, the Court hereby finds and orders:

1. This Court has jurisdiction over the claims of the Class and FLSA Collective Members asserted in this proceeding and over all parties to the action.

2. The Court finds that all 470 Class Members have been mailed notice of the Settlement. The Court finds that zero (0) Class Members have objected to the Settlement, and zero (0) Class Members have requested exclusion from the Settlement.

3. For the reasons set forth in the Preliminary Approval Order and in the transcript of the Final Approval hearing, which are adopted and incorporated herein by reference, this Court finds that the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the Class and Subclass and the proposed Settlement. The Court hereby makes final its earlier provisional certification of the Non-Exempt Employee Class and Waiting Time Penalty Subclass (collectively, "the Classes"), as set forth in the Preliminary Approval Order.

4. The Court finds the Settlement is fair, adequate, and reasonable, and falls within the range of reasonableness, consistent, and in compliance with all the requirements of Federal Rule of Civil Procedure 23(e).

5. The Notice given to the Class Members fully and accurately informed the Class Members of all material elements of the proposed Settlement and of the Class Members' opportunity to object to or comment thereon; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the Federal Rules of Civil Procedure, the United States Constitution, due process and other applicable law. The Notice fairly and adequately described the Settlement and provided Class Members adequate instructions and means to obtain additional information. A full opportunity has been afforded to the Class Members to participate in the final approval hearing, and all Class Members and other persons wishing

to be heard have been heard. Accordingly, the Court determines that all Class Members who did not timely and properly execute a request for exclusion are bound by this Order and the Judgment.

6. In accordance with the *In re Bluetooth f*actors, Class Counsel agreed to seek an amount considerably less than the total loadstar in the case because it would result in a significant benefit to the class given the significant risks of litigation. Class Counsel will only get paid out of the Settlement funds that will be created by the Court Approved Settlement Administrator, and no amounts will be paid to Class Counsel unless the Class Members similarly receive their portion of the Settlement funds. Further, the Settlement provides that no amounts shall revert back to Defendant, and "if the amount awarded to Class Counsel for attorney's fees or costs is less than the amount sought, the remainder will be retained in the Net Settlement Amount for distribution to Participating California Settlement Class Member." The Court finds that the parties did not negotiate a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds.

7. The Court hereby grants final approval to the Settlement and finds it reasonable and adequate, and in the best interests of the Class as a whole. Accordingly, the Court hereby directs that the Settlement be effectuated in accordance with the Stipulation of Settlement. Given the foregoing, the Court:

    a. Orders that the settlement awards be made and administered in accordance with the terms of the Settlement as to the 470 Class Members, which includes the 99 individuals who have already opted to participate in the Fair Labor Standards Act collective action.

    b. Orders a final report containing the total settlement fund, the total number of class members, the names of all FLSA Collective members that Opted In or cashed their FLSA Settlement Check, the average, median, maximum, and minimum recovery per claimant, the method(s) of notice and the method(s) of payment to class members, the percentage of success

for each method of notice and payment (if known), the number and value of checks not cashed, the amounts distributed to each cy-pres recipient, the administrative costs, the attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, plaintiffs' counsel's updated lodestar total, and the lodestar multiplier, be prepared by the Settlement Administrator and submitted to the Court within 21 days after all funds have been paid and distributed, in accordance with the Post-Distribution Accounting Procedural Guidance for Class Action Settlements. The Settlement Administrator shall also post the Post-Distribution Accounting Report on the settlement website.

c. Finds that under the California Private Attorneys General Act ("PAGA"), California Labor Code § 2699, *et seq.*, a PAGA payment of $20,000.00 is reasonable and hereby orders that the Settlement Administrator shall pay the PAGA Payment of $20,000.00 as set forth in the Stipulation of Settlement. Of this amount, 75%, or $15,000.00 will be paid to the Labor and Workforce Development Agency and 25% or $5,000.00 will be distributed to the PAGA Employees pursuant to the terms of the Settlement.

d. Confirms ARCH Legal, APC as class counsel and approves the requested attorney's fee of $193,333.33, as well as $35,000.00 in costs, both to be paid from the Gross Settlement Fund.

e. Confirms CPT Group, Inc. as the settlement administrator and approves $15,570.00 in costs and expenses to be paid to CPT Group, Inc. from the Gross Settlement Fund.

f. Finds Plaintiffs Basham, Pepper, and Raper suitable class representatives and orders payment to each of them of $10,000.00 out of the Gross Settlement Fund.

g. Directs that, in accordance with the Settlement, any settlement checks that

remain uncashed after all required distributions and re-distributions, and any residual amounts, to be paid to the Legal Aid at Work as a *cy press* award.

8. The Settlement Administrator shall be responsible for the timely filing of all federal, state, and local tax returns and making the timely payment of any and all taxes and withholdings required with such returns. All payroll taxes are to be paid by the Settlement Administrator in accordance with the terms of the Settlement, and paid not later than the time specified by law or agency regulation.

9. The Court adjudges that upon the Effective Date, Plaintiffs, the Class and all FLSA Collective Members that validly opted-in have fully, finally, and conclusively compromised, settled, and released any and all Released Claims as provided in the Settlement.

10. Without affecting the finality of this Order for purposes of appeal, the Court retains jurisdiction over this matter for the purposes of enforcing the settlement agreement and issuing any orders in connection therewith.

**IT IS SO ORDERED**.

Dated: November 3, 2025

                                              Hon. Donna M. Ryu
                                              Chief Magistrate Judge